IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

NUVINAIR, LLC,

   *Plaintiff*,

v.

PRISTINE SOLUTIONS, INC.,

   *Defendant*.

Case No. 9:18-cv-81524-DMM

**DEFENDANT PRISTINE SOLUTIONS, INC.'S**
**ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Pristine Solutions, Inc. ("Pristine"), by counsel, answers the Complaint of Plaintiff NuVinAir, LLC ("NuVinAir") as follows:

**NATURE OF ACTION**

1. Pristine denies that it sought to copy and benefit from Plaintiff and that its conduct has been willful. Pristine lacks sufficient knowledge or information regarding the remaining allegations set forth in paragraph 1 of the Complaint and therefore denies them.

**PARTIES**

2. Pristine lacks sufficient knowledge or information regarding the allegations set forth in paragraph 2 of the Complaint and therefore denies them.

3. Admitted.

**JURISDICTION AND VENUE**

4. Admitted.

5. Pristine admits that this Court has personal jurisdiction over Pristine and its business address is located within the district. Pristine denies the remaining allegations set forth in paragraph 5 of the Complaint.

## COUNT I: INFRINGEMENT OF THE '959 PATENT

6. Pristine admits that Exhibit A appears to be U.S. Patent No. 9,925,959 ("the '959 patent") with an issue date of March 27, 2018 and NuVinAir, LLC listed as Assignee. Pristine lacks sufficient knowledge or information regarding the remaining allegations set forth in paragraph 6 of the Complaint and therefore denies them.

7. Denied.

8. Pristine admits that paragraph 8 of the Complaint recites language contained in claim 1 of the '959 patent and quotes language from 35 U.S.C. § 271(c). Pristine denies the remaining allegations set forth in paragraph 8 of the Complaint.

9. Denied.

10. Pristine admits that paragraph 10 of the Complaint quotes language from 35 U.S.C. § 271(b). Pristine denies the remaining allegations set forth in paragraph 10 of the Complaint.

11. Pristine admits that its registered agent received a cease and desist letter dated September 28, 2018. Pristine denies the remaining allegations set forth in paragraph 11 of the Complaint.

12. Denied.

13. Denied.

## COUNT II: LANHAM ACT § 1125(a) VIOLATIONS

14. Pristine admits that paragraph 14 of the Complaint quotes language from 15 U.S.C. § 1125(a) and that the screenshot is from Pristine's website. Pristine denies the remaining allegations set forth in paragraph 14 of the Complaint.

Pristine denies that NuVinAir is entitled to any of the relief set forth in Paragraphs (a)-(i).

## AFFIRMATIVE DEFENSES

Pristine asserts the following Affirmative Defenses in response to the allegations contained in the Complaint, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein.

### First Affirmative Defense (Failure to State a Claim)

1. NuVinAir fails to state a claim upon which relief can be granted.

### Second Affirmative Defense (Noninfringement)

2. Pristine has not infringed and does not currently infringe, directly, jointly, or indirectly, either literally or under the Doctrine of Equivalents, any valid and enforceable claim of the '959 patent.

### Third Affirmative Defense (Invalidity)

3. Each asserted claim of the '959 patent is invalid for failure to satisfy the patentability requirements of 35 U.S.C. §§ 101, 102, 103, and/or 112, and rules and regulations pertaining thereto.

### Fourth Affirmative Defense (Equitable Defenses)

4. NuVinAir's claims are barred, in whole or in part, by equitable doctrines, including the doctrines of waiver, prosecution laches, unclean hands, equitable estoppel, and/or judicial estoppel.

### Fifth Affirmative Defense (Marking)

5. NuVinAir's claims for damages are statutorily limited or barred by 35 U.S.C. § 287.

### Sixth Affirmative Defense (Prosecution History Estoppel)

6. NuVinAir is barred, under the doctrine of prosecution history estoppel, from construing the claims of the '959 patent in such a way as may cover any Pristine product or service by reasons of statements made to the U.S. Patent and Trademark Office ("USPTO") during the prosecution of the application that led to the issuance of the '959 patent.

### Seventh Affirmative Defense (Lack of Standing)

7. To the extent that NuVinAir lacks all substantive rights to bring suit and to exclude others from practicing the claims of the '959 patent, NuVinAir's claims are barred by a lack of standing.

### Eighth Affirmative Defense (Inequitable Conduct)

8. The '959 patent is unenforceable due to inequitable conduct perpetrated at the USPTO during prosecution of the application which led to the '959 patent.

9. The application that led to the '959 patent, Application No. 15/253,315 ("the '315 application") was filed on August 31, 2016.

10. On information and belief, the inventors of the '959 patent made false and/or misleading statements in a petition and declaration submitted to the USPTO with specific intent to deceive the USPTO. The inventors were also aware of information material to the patentability of the '959 patent, but they omitted and/or misrepresented that information to the USPTOwith the specific intent to deceive the USPTO.

11. On information and belief, the NuVinAir inventors obtained the concept of agitating the water from Dan Fedrigon.

12. On information and belief, the NuVinAir inventors obtained the concept of placing the apparatus in the car with the windows up and air circulating from common knowledge and social media clips illustrating the exact concept.

13. The applicant failed to disclose this prior knowledge to the USPTO during prosecution of the '315 application.

14. This information was "but-for" material to the patentability of the '315 application.

15. In view of the foregoing, the '959 patent is unenforceable due to the Applicant's inequitable conduct before the USPTO.

### Ninth Affirmative Defense

16. Pristine reserves the right to assert any additional defenses or counterclaims which may now exist or in the future may be available based on discovery and further factual investigation in this case.

### PRAYER FOR RELIEF

WHEREFORE, Pristine prays for entry of judgment in its favor as follows:

A. A judgment that Pristine has not infringed the '959 patent;

B. A judgment that the '959 patent is invalid and/or unenforceable against Pristine;

C. A judgment declaring this case exceptional under 35 U.S.C. § 285 and awarding Pristine its attorneys' fees and prejudgment interest, and an award to Pristine of all of its costs of this action; and

D. Such other relief as the Court shall deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Pristine requests a jury trial on all issues so triable.

Dated: December 21, 2018             Respectfully submitted,

/s/ Steven E. Brust
Steven E. Brust
Florida Bar No. 832091
SMITH, GAMBRELL & RUSSELL LLP
Bank of America Tower
50 N. Laura St., Suite 2600
Jacksonville, Florida  32202
Telephone:  (904) 598-6100
Facsimile:  (904) 598-6300
Email:  sbrust@sgrlaw.com

Edward A. Pennington (*pro hac vice*)
Darlene K. Tzou (*pro hac vice*)
SMITH, GAMBRELL & RUSSELL LLP
1055 Thomas Jefferson Street, NW, Suite 400
Washington, DC 20007
Telephone: (202) 263-4300
Facsimile: (202) 263-4329
Email:  epennington@sgrlaw.com
Email:  dtzou@sgrlaw.com

*Attorneys for Defendant*
*PRISTINE SOLUTIONS, INC.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of December 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of the electronic filing to all counsel of record.

*/s/ Steven E. Brust*
Attorney